**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

LaSHAWN R. PETTUS-BROWN,

Petitioner, : Case No. 1:14-cv-292

- vs -

District Judge Michael R. Barrett
Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception Center,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner LaShawn R. Pettus-Brown pursuant to 28 U.S.C. § 2254, is before the Court on two motions under to Fed. R. Civ. P. 12: 1) Respondent's Motion to Dismiss for failure of Petitioner to exhaust available state court remedies (Doc. No. 8) which Pettus-Brown opposes (Doc. No. 9) and 2) Petitioner's Motion for Judgment on the Pleadings (Doc. No. 12) which Respondent opposes (Doc. No. 13) and in support of which Pettus-Brown has filed a Reply (Doc. No. 14).

Both of these motions are dispositive within the meaning of 28 U.S.C. § 636(b) and thus require a recommended disposition from a Magistrate Judge, rather than a decision.

## Motion to Dismiss

Respondent seeks dismissal because, he alleges, Pettus-Brown has not exhausted available state court remedies in that his direct appeal from revocation of his community control

sentence is pending in the Hamilton County Court of Appeals (Case No. C-140165)(Motion, Doc. No. 8, PageID 25).[1] At the time the Motion to Dismiss was filed, briefing in the First District was not due to be complete until August 1, 2014. *Id.* However, the website of the Hamilton County Clerk of Courts contains a link to a decision by the First District Court of Appeals overruling Pettus-Brown's sole assignment of error and affirming his sentence. The decision was entered November 26, 2014. Pettus-Brown thus has until January 10, 2015, to appeal to the Supreme Court of Ohio.

A state prisoner seeking federal habeas corpus relief must first exhaust the remedies available to him in the state courts. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Ohio, this includes direct and delayed appeal to the Ohio Court of Appeals and the Ohio Supreme Court. *Mackey v. Koloski*, 413 F.2d 1019 (6th Cir. 1969); *Allen v. Perini*, 424 F.2d 134, 140 (6th Cir. 1970).

The exhaustion doctrine is not jurisdictional and is thus waivable by the State, *Ex parte Royall*, 117 U.S. 241 (1886); *Granberry v. Greer*, 481 U.S. 129 (1987). However, 28 U.S.C. § 2254(b)(3) as added by the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214), provides "[a] State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement." Obviously the State of Ohio has not waived exhaustion in this case, as its instant Motion seeks to enforce the exhaustion doctrine. In the absence of exceptional or unusual circumstances, principles of comity and federalism require that

[1] When any document is filed with this Court, the Court's electronic filing system affixes a unique Page Identification Number in the upper right hand corner of every page. The attention of the parties is directed to this Magistrate Judge's Standing Order of May 8, 2014, which provides in pertinent part "All references to the record in this Court must be to the filed document by title, docket number, and PageID reference. (E.g., Defendant's Motion to Dismiss, Doc. No. 27, PageID ___.)" The large majority of cases before this Magistrate Judge are habeas corpus cases with large state court records and correct citation to the record is critical to judicial economy. Therefore, nonconforming filings will be stricken.

unexhausted claims be decided in the first instance by the state courts even if the State does not raise the defense. *O'Guinn v. Dutton*, 88 F.3d 1409 (6th Cir. 1996)(per curiam)(en banc).

In his Memorandum in Opposition to the Motion to Dismiss, Pettus-Brown does not dispute that he appealed to the First District. Instead, he argues his lack of exhaustion should be excused (Memorandum, Doc. No. 9, PageID 142-43). However, the Sixth Circuit has held that the remedy of appeal to the Ohio Supreme Court must be exhausted. *Bray v. Andrews*, 640 F.3d 731, 735 (6th Cir. 2011), *citing Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).

Pettus-Brown objects to Respondent's use of a motion to dismiss without the simultaneous filing of an answer (Doc. No. 14). But Judge Litkovitz's Order for answer expressly anticipates that there may be a motion to dismiss and provides a separate schedule for Petitioner to respond (Doc. No. 2, PageID 6). Fed. R. Civ. P. 12(b) also anticipates that a motion to dismiss will be filed before an answer.

Pettus-Brown asserts there is no controversy between the parties because he has reached an agreement with Respondent "via private administrative remedy" (Response, Doc. No. 9, PageID 141). The referenced Exhibit 1 shows only and at best *ex parte* efforts of Petitioner to impose an obligation on the State of Ohio to respond to him. No mutual settlement of the case is shown by Exhibit 1.

Respondent urges the Court to dismiss the habeas petition rather than staying consideration pending exhaustion because it asserts the Petition is meritless. The Magistrate Judge instead recommends the Court stay this case pending exhaustion. In the sort of cases anticipated by *Rhines v. Weber*, 544 U.S. 269, 277-278 (2005), where the Supreme Court authorized a stay pending exhaustion but cautioned against using it routinely, a petitioner seeks a stay before even commencing state court proceedings. If the petitioner is seeking to vacate a

capital sentence, he has a motive for the delay caused by a return to the state courts which is not present in a case like this where the habeas petitioner has every incentive to move his state court case along as fast as the process will allow. The First District Court of Appeals has already decided the case and the Ohio Supreme Court can be expected to decide promptly whether to hear the case. Given these factors, comity with the Ohio courts suggests a stay rather than a dismissal.

**Motion for Judgment on the Pleadings**

Pettus-Brown moves the Court to grant him judgment on the pleadings under Fed. R. Civ. P. 12(c) which provides "[a]fter the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." In a habeas corpus case, the pleadings are the Petition for Writ (sometimes called an application in the United States Code), the Answer, and the Reply (called the Traverse in older practice). In this case the pleadings are not yet closed: Respondent has not yet filed an answer and until he does, Petitioner cannot file a reply. Thus the Motion for Judgment on the Pleadings is premature.

It also appears Pettus-Brown does not appreciate the limits on what the Court may consider in deciding a motion for judgment on the pleadings. He adverts in his Motion to numerous supposedly admitted facts, but cites no place in the record (much less in the pleadings) where those facts are admitted. He also wants the Court to consider various matters outside the pleadings, such as the Affidavit that appears in his Response in Opposition to Respondent's Motion to Dismiss at Docket Number 9-1, PageID 151-54. But he has made no showing that that document was before any state court that decided any of his claims. While it is certainly

conceivable that there would be habeas corpus cases where judgment on the pleadings would be appropriate (e.g., if the Respondent admitted that the sentencing court lacked subject matter jurisdiction over the offense in suit), this is certainly not such a case, at least at the present juncture.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Court find Pettus-Brown has not exhausted his available state court remedies, at least on the record presently before this Court. Rather than dismissing the case, however, it is also recommended that the case be stayed pending the outcome of Pettus-Brown's direct appeal. Finally, it is recommended the Motion for Judgment on the Pleadings be denied.

The parties are ORDERED to keep this Court currently advised of the proceedings in the state court appeal.

January 6, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).