# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LaSHAWN R. PETTUS-BROWN,

        Petitioner,    :    Case No. 1:14-cv-292

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception
  Center,

    :

        Respondent.

## SUBSTITUTE REPORT AND RECOMMENDATIONS IN PART; ORDER DENYING EVIDENTIARY HEARING

This habeas corpus case is before the Court on Petitioner's Objections (Doc. Nos. 20, 21) to the Magistrate Judge's Report and Recommendations ("Report," Doc. No. 18). The Report deals with two Motions: (1) the Warden's Motion to Dismiss (Doc. No. 8) and (2) the Petitioner's Motion for Judgment on the Pleadings (Doc. No. 12).

**Motion to Dismiss**

In the Motion to Dismiss, the Warden raised the affirmative defense that Pettus-Brown had not exhausted his available state court remedies, but sought dismissal rather than a stay pending exhaustion (Doc. No. 8, PageID 27-29). Pettus-Brown responded that exhaustion should be excused. The Report found the claims were not exhausted, but recommended a stay instead of dismissal because it appeared finality in the Ohio courts would occur in short order

1

(Doc. No. 18, PageID 198.)

Events have overtaken the Report.  As noted in the body of the Report, the First District Court of Appeals affirmed revocation of Pettus-Brown's community control sanction and prison sentence of November 26, 2014 (Doc. No. 18, PageID 195).  This meant Pettus-Brown had until January 10, 2015, to appeal to the Ohio Supreme Court.  A check of the Ohio Supreme Court's docket on January 21, 2015, revealed no case pending with Pettus-Brown as a party.  This means Pettus-Brown's state court remedies are exhausted, at least on direct appeal.[1]  Accordingly, the Motion to Dismiss is MOOT and in lieu of a stay, the Magistrate Judge recommends the Motion to Dismiss be denied.

**Motion for Judgment on the Pleadings**

The Report's conclusions that Pettus-Brown's Motion for Judgment on the Pleadings should be denied is ripe for District Court decision without further report by the Magistrate Judge.

**Motion for Evidentiary Hearing**

Pettus-Brown "requests an evidentiary hearing at this Honorable Court's earliest available date, at which time Mr. Pettus-Brown will present further evidence and witness testimony that support the granting of this habeas corpus petition."  (Doc. No. 21, PageID 221). Petitioner has not indicated on what issues he intends to present evidence or what that evidence

---

[1] The Motion to Dismiss does not suggest any other remedies available to Pettus-Brown except those on direct appeal.

will be.  However, in determining whether a state court's determination of a federal constitutional claim is contrary to or an objectively unreasonable application of clearly established Supreme Court precedent, this Court is limited to the record created before the state courts and is disabled from holding an evidentiary hearing.  *Cullen v. Pinholster,* 563 U.S. ___, 131 S. Ct. 1388 (2011).  The Motion for Evidentiary Hearing is therefore DENIED.

January 22, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).