IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

LaSHAWN R. PETTUS-BROWN,

        Petitioner,      :      Case No. 1:14-cv-292

  - vs -                      District Judge Michael R. Barrett
                            Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception
  Center,
                             :
        Respondent.

## ORDER OF MOTION FOR RECONSIDERATION; STATEMENT OF THE STATUS OF THE CASE

This habeas corpus case is before the Court on Petitioner's Motion to Reconsider Request for Evidentiary Hearing (Doc. No. 25).

**Prior Holding**

In denying Petitioner's original request for an evidentiary hearing, the Court noted that a decision on whether the state court decision on any constitutional claim made in the case was contrary to or an objectively unreasonable application of clearly established Supreme Court law was limited to consideration of the record before the state court, as held in *Cullen v. Pinholster,* 563 U.S. \_\_\_,131 S. Ct. 1388 (2011).

**The Motion for Reconsideration**

Acknowledging the effect of *Pinholster*, Pettus-Brown asserts in the instant Motion that

1

*Pinholster* "restricts hearings only on substantive constitutional claims, not on procedural issues." (Doc. No. 25, PageID 272).  He claims what he wishes to present at an evidentiary hearing is not covered by *Pinholster.*

First of all, Pettus-Brown wishes to present evidence and witnesses "that proves his 'actual innocence' to overcome any procedural bar. . . ."  *Id.*  Aside from actual innocence, Pettus-Brown wishes to present evidence and witnesses to show cause to overcome procedural defaults by showing that the "state's/county's departments, officers, employees, and agents that prevented Mr. Pettus-Brown from raising these claims in state court and the ways in which these preventions took place by the parties." *Id.*  at PageID 273.

Lastly Pettus-Brown says this Court did not expressly exclude "outside evidence," the Respondent has waived procedural defenses, and "an evidentiary hearing is consistent with the newly converted Rule 56 motion for summary judgment (formerly Rule 12(c)." *Id.*, citing *Max Arnold & Sons, LLC v. W.L. Hailey & Co*., 452 F.3d 494 (6th Cir. 2006).

## Analysis

**Claim of Actual Innocence**

A claim of actual innocence offered to excuse procedural default is not a substantive claim for habeas corpus relief, but a "gateway" claim and therefore not subject to the *Pinholster* restrictions.

Before the Court will grant an evidentiary hearing on an assertion of actual innocence, however, a petitioner must show under Habeas Rule 8 whether an evidentiary hearing is

warranted. This Court's practice has been to require a statement of the actual innocence claim in sufficient detail for the Court to understand it and the Respondent to defend. In addition, the Court will require, as it does in all civil cases to be tried, that the Petitioner produce a list of witnesses to be called and a proffer of what their testimony will be. Pettus-Brown has not presented anything like this kind of detail, but may do so in the context of a renewed motion for evidentiary hearing on his actual innocence claim.

Pettus-Brown is also hereby advised that Habeas Rule 8 requires the Court to appoint counsel for petitioner for such a hearing if petitioner qualifies under 18 U.S.C. § 3006A. If Pettus-Brown desires the appointment of counsel for such a hearing, he must submit an application under § 3006A showing his financial condition.

**Claim of Cause to Excuse Procedural Default**

A habeas petitioner who has procedurally defaulted a constitutional claim may excuse that default by showing cause for the default and resulting prejudice.

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002). A habeas petitioner "can overcome a procedural default by showing (a) cause for the default, and (b) actual prejudice from it." *Hall v. Vasbinder,* 563 F.3d 222, 236 (6th Cir. 2009); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), *quoting Murray v. Carrier*, 477 U.S. 478 (1986). When the

asserted cause is ineffective assistance of trial counsel, the petitioner need not satisfy the heightened 2254(d)(1) standard. *Vasbinder*, at 236-37.

Cause must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Hartman v. Bagley,* 492 F.3d 347, 358 (6th Cir. 2007); *Murray v. Carrier*, 477 U.S. 478 (1986).

The same sort of detail is needed to warrant an evidentiary hearing on cause and prejudice as is needed on the actual innocence gateway claim, to wit, what is the actual asserted cause, what witnesses will testify to it, what documentary evidence will be offered. In addition, the Supreme Court has held that if ineffective assistance of trial counsel is relied upon to show cause and prejudice, that claim must first have been presented to the state courts and can itself be forfeited by failing to properly present it. *Edwards v. Carpenter*, 529 U.S. 446 (2000).

Pettus-Brown may renew his motion for evidentiary hearing on his cause and prejudice assertion by giving the same sort of details as required above for the actual innocence claim.

**"Conversion" of the Rule 12(c) Motion**

Pettus-Brown filed a Motion for Judgment on the Pleadings in this case under Fed. R. Civ. P. 12(c) with no attached documents (Doc. No. 12). Respondent opposed that Motion without attaching any documents (Doc. No. 13). Petitioner also attached no documents to his Reply (Doc. No. 14).

The undersigned Magistrate Judge, after the case was transferred to him, recommended that the motion for judgment on the pleadings be denied because (1) Fed. R. Civ. P. 12(c) allows such a motion only after the pleadings are closed and the pleadings in this case were not (and still

4

are not) closed; and (2) Pettus-Brown relied on matter outside the pleadings with no showing that the matter on which he relied was part of the state court record. (Report and Recommendations, Doc. No. 18, PageID 197-98.) The Magistrate Judge concluded under Habeas Rule 12 that Fed. R. Civ. P. 12(c) should not be applied to this case. *Id.* at PageID 198.

Pettus-Brown seems to be arguing that this recommendation somehow worked a "conversion" of his Motion for Judgment on the Pleadings to a summary judgment motion under Fed. R. Civ. P. 56 because the Court did not "expressly exclude" outside evidence, relying on *Arnold & Sons, supra.* In that case the Sixth Circuit held that

> In our view, Rule 12(c) requires only one action by the district court for the conversion to a summary judgment motion to occur: failure to exclude presented outside evidence. We therefore agree with the third line of cases, as exemplified by *Dempsey*. This Court has found that the mere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment. *See Moody v. United States*, 774 F.2d 150, 155 n.5 (6th Cir. 1985) ("Although the government's motion in *Bawgus* was for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), it is clear that matters outside the pleadings were presented; we, therefore, consider the court's decision as if entered on a motion for summary judgment, Fed. R. Civ. P. 56."). Although we have found that consideration or reliance on matters outside the pleadings is sufficient to trigger conversion under Rule 12(c), *see, e.g.*, *Thompson v. The Budd Co.*, 199 F.3d 799, 804 (6th Cir. 1999) (consideration); *Swallows v. Barnes & Noble Book Stores, Inc.*, 128 F.3d 990, 992 (6th Cir. 1997) (reliance), we have never held that consideration or reliance was required under Rule 12(c) for conversion to a motion for summary judgment. We therefore disagree with those cases that require the district court to further consider or rely upon these outside matters before the obligation to convert is triggered; the plain language of Rule 12(c) does not require these additional steps; it only requires the presentation of matters outside the pleadings and the district court's failure to exclude such matters. *See also* 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371 (3d ed. 2004) ("[A] district court could consider evidence outside the pleadings on a motion under Rule 12(c), and, *upon acceptance* of that material, would regard the motion as one for summary

> judgment . . . . The district court remains free *to refuse to accept* materials outside the pleadings in order to keep the motion under Rule 12(c) . . . ." (emphasis supplied).).

452 F.3d at 503.

Pettus-Brown misinterprets how *Arnold & Sons* applies here. First of all, the Report and Recommendations did expressly exclude the matter outside the pleadings on which Pettus-Brown relied. See Report, Doc. No. 18, PageID 197. Second, the Report rejects the notion that Fed. R. Civ. P. 12(c) should be applied at all in this habeas case, "at least at the present juncture." *Id.* at PageID 198. The same would be true of summary judgment procedures under Fed. R. Civ. P. 56: it is also not applicable to this habeas corpus proceeding, at least at the present time. Pettus-Brown's request for an evidentiary hearing on his motion, whether under Fed. R. Civ. P. 12(c) or 56, is DENIED.

Upon reconsideration, the request for evidentiary hearing is again DENIED, albeit without prejudice to its renewal as set forth above.

## Status of the Case

The status of this case at the present time as the Magistrate Judge understands it is as follows:

1. The recommendation to deny Pettus-Brown's Motion for Judgment on the Pleadings is ripe for decision by Judge Barrett on Pettus-Brown's Objections (See Doc. Nos. 18, 20, 22).

2. The Magistrate Judge has found that Pettus-Brown has not exhausted available state court remedies and agrees with the Respondent that as of the present date Pettus-Brown has available the remedies of delayed direct appeal to the Ohio Supreme Court and completion of the

proceeding for reopening direct appeal that he began on December 22, 2014 (Respondent's Objections, Doc. No. 23, PageID 230-31.)  Based on that finding, the Magistrate Judge agrees that Respondent's Motion to Dismiss is not moot, but persists in recommending that the Court not dismiss the case but stay it pending exhaustion.  Respondent has already objected to that recommendation (Doc. No. 23).  Pettus-Brown has until February 12, 2015, to respond to those Objections.

February 2, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge
