## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

LAWSHAWN R. PETTUS-BROWN,                    CASE NO.: 1:14-CV-292

               Petitioner,                    Barrett, J.
                                              Merz, M.J.

    v.

WARDEN, CORRECTIONAL RECEPTION
CENTER,

               Respondent.

### OPINION AND ORDER

      This matter is before the Court on the January 6, 2015 Report and Recommendation (Doc. 18), Petitioner's Objection to the Report and Recommendation and Request for Hearing (Doc. 20), the January 22, 2015 Substitute Report and Recommendation (Doc. 22), Respondent's Objections to the Substitute Report and Recommendation in Part and Renewed Motion to Dismiss (Doc. 23), the January 28, 2015 Order Withdrawing in Part Substitute Report and Recommendations (Doc. 24), and Petitioner's Motion to Strike Respondent's Filing, and in the Alternative, Response to Respondent's Objection and Judicial Notice to the Court (Doc. 28).

## I.      BACKGROUND

### A.      January 6, 2015 Report and Recommendation (Doc. 18)

      The Report addresses Respondent's Motion to Dismiss (Doc. 8), which Petitioner opposes (Doc. 9), as well as Petitioner's Motion for Judgment on the Pleadings (Doc. 12), which Respondent opposes (Doc. 13) and in support of which Petitioner has filed a reply (Doc. 14). With respect to the Motion to Dismiss, the Magistrate Judge concluded that Petitioner had not exhausted his state court remedies given that he still had the opportunity to appeal to the Ohio Supreme Court, but he recommended a stay rather than dismissal pending exhaustion. By

pursuing the motion to dismiss, Respondent indicated it was not waiving Petitioner's failure to exhaust.

As for the Motion for Judgment on the Pleadings, the Magistrate Judge found that the motion was premature given that the pleadings had not yet closed, Respondent had not filed an answer, and Petitioner thus could not yet file a reply.  The Magistrate Judge further recognized that Petitioner requested consideration of supposedly admitted facts even though there was no indication of any place in the record where those facts were admitted as well as various matters outside the pleadings for which no showing had been made that the document was before any state court that decided any of this claims.  Accordingly, he recommended denying the motion for judgment on the pleadings.

**B.      Petitioner's January 20, 2015 Objections (Doc. 20)**

Petitioner objects to both conclusions in the Report.  As to the Motion to Dismiss, Petitioner claims it is not a proper responsive pleading.  He further contends that he presented his claims to the state court and that pursuing his claims further would be an exercise in futility.  He claims that Respondent also has waived exhaustion in this matter.

In regard to the motion for judgment on the pleadings, Petitioner contends that the Report failed to consider whether his motion should be converted into one for summary judgment.  He further argues that the Report does not take into account Respondent's waiver in labeling the motion as premature.

Petitioner also requests an evidentiary hearing.

**C.      January 22, 2015 Substitute Report and Recommendation In Part; Order Denying Evidentiary Hearing (Doc. 22)**

The Substitute Report addresses Petitioner's January 20, 2015 objections.  Addressing the objections to the motion to dismiss, the Substitute Report indicates that since the first Report was

issued the time for appealing to the Ohio Supreme Court had passed and the Ohio Supreme Court's docket as of January 21, 2015 revealed no case pending with Petitioner as a party. As such, the Report notes that Petitioner's state court remedies were exhausted, at least on direct appeal, and since the Motion to Dismiss was moot, the Report recommends denying it in lieu of the earlier-issued stay.

In regard to the motion for judgment on the pleadings, the Report states that the recommendation in the January 6, 2015 Report was ripe for decision without a further report form the Magistrate Judge.

The Report also denies Petitioner's request for an evidentiary hearing.

### D. Respondent's January 26, 2015 Objections to the Substitute Report in Part and its Renewed Motion to Dismiss (Doc. 23)

Respondent objects to the Magistrate Judge's recommendation as to the Motion to Dismiss in the Substitute Report. First, Respondent contends that Petitioner still has the remedy of delayed appeal to the Ohio Supreme Court available to him under S. Ct. Prac. R. 701(A)(4), such that he has not exhausted his state court remedies as to his claim that the trial court erred by improperly sentencing him for a violation of his community control sanctions. Respondent suggests that Petitioner could delete that unexhausted claim from his petition.

Second, Respondent argues that Petitioner filed an application to reopen his appeal based on ineffective assistance of counsel on December 22, 2014. Respondent represented that as of the date of the objections, that application remanded pending in the Ohio Court of Appeals. Respondent argues that he may not assert ineffective assistance of counsel as the cause of a procedural default of grounds three and four which were not included in either state court appeal, as it too must first be exhausted in the state courts.

### E. January 28, 2015 Order Withdrawing in Part Substitute Report and Recommendations (Doc. 24)

The Order responds to Respondent's Objections, agreeing with Respondent that Petitioner still has not exhausted his remedies of delayed direct appeal to the Ohio Supreme Court or reopening direct appeal to raise claims of ineffective assistance of appellate counsel. The Magistrate Judge determined that until those two remedies are exhausted or Petitioner persuades the Court that they are futile, exhaustion is not complete. Accordingly, the Magistrate Judge ordered withdrawn the Substitute Report's conclusions that exhaustion is complete and that Respondent's motion to dismiss is moot.

>    **F.    Petitioner's February 11, 2015 Motion to Strike Respondent's Filing, and in the Alternative, Response to Respondent's Objection and Judicial Notice to the Court (Doc. 28)**

As the Magistrate Judge already denied Petitioner's Motion to Strike on February 11, 2015, the undersigned shall address only the other issues raised in Petitioner's filing. First, Petitioner reasserts that any allegation of failure to exhaust should be excused in accordance with 28 U.S.C. § 2254(b)(1)(B). Alternatively, he argues that the Magistrate Judge's Substituted Report was correct regarding the motion to dismiss.

Second, Petitioner argues that the state court lacks jurisdiction over his claims and he need not assert them in the state court.

Third, Petitioner argues that the Magistrate Judge failed to consider his matters outside the pleadings in ruling on his motion for judgment on the pleadings. He also requests an evidentiary hearing to show that he is unlawfully confined.

## II.    LEGAL STANDARD

When objections to an order of a magistrate judge are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   ANALYSIS

The issues now before the undersigned are (1) whether the case should be stayed pending the outcome of Petitioner's direct appeal; (2) whether the motion for judgment on the pleadings should be denied; and (3) whether Petitioner should be granted an evidentiary hearing.

The undersigned agrees with the Magistrate Judge that exhaustion is not complete. Upon review of the state court record, it is apparent that Petitioner has not exhausted all of the remedies available to him, as he still has the remedy of a delayed appeal in the state court (a remedy he has not sought). S. Ct. Prac. R. 701(A)(4); *see also Dangelo v. Ohio*, 876 F.2d 103, 103 (6th Cir. 1989) ("Because the petitioner has not filed a delayed appeal, he has not exhausted his state remedies.") (citing *Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987)). With respect to the ineffective assistance of counsel claim, Petitioner's application for reopening of direct appeal to raise claims of ineffective assistance of appellate counsel was denied on February 27, 2015 but

5

has not yet been appealed to the highest court,[1] which means Petitioner still has not exhausted his state court remedies.  *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012) (recognizing that a petitioner must appeal the denial of a Rule 26(b) application and give the Ohio Supreme Court a full or fair opportunity to rule on it in order to exhaust his claims for the purposes of habeas corpus review).  Petitioner has not otherwise persuaded the undersigned that the exhaustion of those remedies is futile.  Accordingly, the undersigned adopts the Magistrate Judge's ruling that the case should be stayed at this time pending the outcome of Petitioner's direct appeal.

The undersigned further agrees with the Magistrate Judge that the motion for judgment on the pleadings should be denied.  Although Petitioner has taken issue with the failure to consider the request to convert the motion to one for summary judgment, the Magistrate Judge correctly considered that issue in the January 6, 2015 Report.  As the undersigned agrees with the Magistrate Judge that Petitioner requested consideration of supposedly admitted facts even though there was no indication of any place in the record where those facts were admitted as well as various matters outside the pleadings for which no showing had been made that the document was before any state court that decided any of this claims, the undersigned declines to convert the motion into one for summary judgment.

With respect to the evidentiary hearing, the undersigned concludes that the Magistrate Judge's denial of an evidentiary hearing was not clearly erroneous or contrary to law.  That objection is therefore overruled.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's objections (Doc. 28) are **OVERRULED** and the undersigned **ADOPTS** the Magistrate Judge's January 6, 2015 Report (Doc. 18) as to the motion to dismiss and motion for judgment on the pleadings consistent with the January 28, 2015 Order

---

[1] *See State of Ohio v. Lashawn Pettus*, Case No. C-1400165 (Hamilton Cty. App. Ct.).

Withdrawing in Part the Substitute Report, and the January 22, 2015 Substitute Report and Order (Doc. 22) as to the denial of the evidentiary hearing.

It is **ORDERED** that:

1. The Motion to Dismiss (Doc. 8) is **GRANTED IN PART** given the finding that Petitioner has not exhausted his state court remedies, but the case shall be STAYED pending the outcome of Petitioner's direct appeal; and

2. The Motion for Judgment on the Pleadings (Doc. 12) is **DENIED**.

**IT IS SO ORDERED**.

s/Michael R. Barrett
JUDGE MICHAEL R. BARRETT
UNITED STATES DISTRICT JUDGE