UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LAWSHAWN R. PETTUS-BROWN,          CASE NO.: 1:14-CV-292

       Petitioner,          Barrett, J.
                                                             Merz, M.J.
   v.

WARDEN, CORRECTIONAL RECEPTION
CENTER,

       Respondent.

**OPINION AND ORDER**

This matter is before the Court on various Orders of the Magistrate Judge and the undersigned, as well as Petitioner's objections or subsequent motions in response thereto. (Docs. 29, 30, 31, 32, 33, 34, 36, 37, 38, 39, 41, 42, 46; 4/28/15 Notation Order; 5/16/15 Notation Order).

**I.  BACKGROUND**

On March 19, 2015, the undersigned adopted the Magistrate Judge's January 6, 2015 Report as to the motion to dismiss and motion for judgment on the pleadings consistent with the January 28, 2015 Order Withdrawing in Part the Substitute Report, and the January 22, 2015 Substitute Report and Order as to the denial of the evidentiary hearing. (Doc. 29). The undersigned granted the Motion to Dismiss in part but ordered that the case be stayed pending the outcome of Petitioner's direct appeal, and denied the Motion for Judgment on the Pleadings. (Id.).

Subsequently, the Magistrate Judge issued a Scheduling Order that required Petitioner to file his motion for a delayed direct appeal to the Ohio Supreme Court no later than April 19, 2015. (Doc. 30).

1

On April 6, 2015, Petitioner filed a motion for summary judgment (Doc. 31), which was then stricken by the Magistrate Judge (Doc. 32). Petitioner filed an objection. (Doc. 33). On April 21, 2015, the Magistrate Judge issued a Decision and Order addressing Petitioner's objections, which addressed a variety of issues. (Doc. 34). First, the Magistrate Judge observed that a decision on the objections to the extent they concern the Order Striking Petitioner's Motion for Summary Judgment is reserved for the undersigned, but denied Petitioner's request that the Order be immediately withdrawn. Next, the Magistrate Judge determined that Petitioner's request to withdraw Document 29, which is the undersigned's March 19, 2015 Order adopting the Report and Recommendation, is reserved for judgment by the undersigned. Finally, the Magistrate Judge denied Petitioner's request to withdraw the Scheduling Order (Doc. 30).

On April 27, 2014, Petitioner filed a Motion for Release on Recognizance or Surety. (Doc. 36). The Magistrate Judge denied that motion by notation order on April 28, 2015.

Thereafter, Petitioner filed objections to the Notation Order entered by the Magistrate Judge denying him release on bond and to the denial of his motion to recuse the Magistrate Judge, and also sought reinstatement of his motion for summary judgment. (Doc. 39).

On May 4, 2015, Petitioner filed a Motion to Withdraw Court Order at Document 29, to Set Aside the Magistrate Judge's Orders in Documents 30, 32, and 34, to Reinstate the Motion for Summary Judgment, and to Recuse the Magistrate Judge. (Doc. 37). The Magistrate Judge issued a Decision and Order on that motion (Doc. 38) in which he indicated that the decisions on whether to withdraw Document 29, set aside the Magistrate Judge's Orders in Documents 30, 32, and 34, and reinstate the motion for summary judgment are reserved for the undersigned. However, the Magistrate Judge directly denied the motion for recusal. He further dissolved the stay of the proceedings entered on March 19, 2015 and ordered Respondent to file, not later than

2

June 1, 2015, an answer to the Petition conforming to the requirements of Rule 5 of the Rules Governing § 2254 Cases. Petitioner objected and moved to strike any answer filed by Respondent. (Doc. 41).

On May 15, 2015, the Magistrate Judge issued a Decision and Order on the objections in Document 41. (Doc. 42). While recognizing that the bulk of the objections in Document 41 are directed to the undersigned, the Magistrate Judge denied any request directed to him to withdraw his previous order requiring the Respondent to file an answer. The Magistrate Judge further noted that Petitioner failed to challenge the finding that he never filed a delayed direct appeal to the Ohio Supreme Court. By separate notation order on May 16, 2015, the Magistrate Judge denied Petitioner's motion to strike.

On May 28, 2015, Petitioner filed additional objections to the Magistrate Judge's Decision and Order (Doc. 42) and the May 16, 2015 Notation Order denying Petitioner's motion to strike. (Doc. 46).

## II.   LEGAL STANDARD

When objections to an order of a magistrate judge are received on a non-dispositive matter, the district judge must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72.

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general

objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. ANALYSIS

Although there are numerous overlapping filings, the six issues that remain for decision by the undersigned are: (1) whether the undersigned's prior Opinion and Order at Document 29 should be withdrawn; (2) whether the Magistrate Judge erred by striking Petitioner's motion for summary judgment at Document 32; (3) whether the Magistrate Judge erred by denying Petitioner's request to withdraw the scheduling order at Document 34; (4) whether the Magistrate Judge erred in denying him release on bond by Notation Order on April 28, 2015; (5) whether the Magistrate Judge erred in dissolving the stay of proceedings and ordering Respondent to file an answer at Document 38 and Document 42 (and relatedly, declining to strike any answer filed by Respondent); and (6) whether the Magistrate Judge erred by denying Petitioner's Motion to Recuse at Document 38. These six issues are addressed below.

### A. Issue One

Petitioner requests that the undersigned withdraw the prior Opinion and Order at Document 29 because it is erroneous and contrary to law. (Doc. 33, PageId 360; Doc. 37, PageId 383-84). Specifically, Petitioner contends that the Court did not expressly authorize Respondent to file a motion to dismiss in lieu of a return of writ, such that Respondent's Motion to Dismiss was improper and did not comply with the Magistrate Judge's Order to Show Cause (Doc. 2) or Rule 5 of the Rules Governing § 2254 Cases in United States District Courts. (Doc. 33, PageId 360; Doc. 37, PageId 383-84).

4

Upon review, the undersigned overrules Petitioner's objections (Doc. 33), denies the motion to withdraw as it relates to Document 29 (Doc. 37), and declines to withdraw its prior Opinion and Order at Document 29.  On April 11, 2014, the Magistrate Judge issued an Order to Show Cause, which required the Respondent to respond to the allegations in the Petition pursuant to Rules 4 and 5 of the Rules Governing § 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.  (Doc. 2).  Rules 4 and 5 of the Rules Governing § 2254 Cases specifically contemplate the filing of an answer, a motion to dismiss, or some other response. Specifically, Rule 4 states: "If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."  Rule 5 further indicates that the petition may reply to the respondent's "answer *or other pleading* within a time fixed by the judge." (emphasis added).  Consistent with those rules, the Magistrate Judge's Order to Show Cause provides a fixed time for Petitioner to reply to *either* an answer or a motion to dismiss filed by Respondent.  (Doc. 2, PageId 6-7) ("Petitioner may, not later than twenty-one (21) after the answer is filed, file and serve a response to the return of writ.  If respondent filed *a motion to dismiss*, petitioner's time to file a memorandum in opposition will likewise be twenty-one days from service, as provided in S.D. Ohio Civ. R. 7.2(a).") (emphasis added).  Therefore, contrary to Petitioner's contentions, a motion to dismiss is permitted by the Rules Governing § 2254 Cases and was authorized by the Order to Show Cause.

**B.  Issue Two**

Petitioner argues that the Magistrate Judge erred by striking Petitioner's motion for summary judgment at Document 32.  (Docs. 33, 37, 39).  He contends that the federal habeas statute, 28 U.S.C. § 2243, "authorizes the court to treat the petition as the equivalent of a

5

petitioner-initiated summary judgment." (Doc. 33, PageId 359). He further argues that the order is clearly erroneous and is evidence that the Magistrate Judge is advocating for the State. (Id., PageId 359). In a later-filed objection, Petitioner argues that the motion for summary judgment should be reinstated, relying on *Marshall v. Warden, Pickaway Corr. Inst.*, No. 2:14-cv-812, 2015 U.S. Dist. LEXIS 54737 (S.D. Ohio Apr. 27, 2015), *adopted by* 2015 U.S. Dist. LEXIS 67125 (S.D. Ohio May 22, 2015). (Doc. 39, PageId 400).

Upon review, the undersigned overrules Petitioner's objections (Docs. 33, 39), denies the motion to set aside the Magistrate Judge's Decision and Order at Document 32 (Doc. 37), and concludes that the Magistrate Judge's ruling was not clearly erroneous or contrary to law. As the Magistrate Judge correctly pointed out, Rule 12 of the Rules Governing § 2254 Cases indicate that the Federal Rules of Civil Procedure *may be applied* to a proceeding under the rules to the extent they are not inconsistent with the any of the statutory provisions or the rules. The rules, however, do not require the application of the Federal Rules of Civil Procedure or provide for the filing of a motion for summary judgment by Petitioner before the answer of Respondent. Petitioner's reliance on 28 U.S.C. § 2243 does not alter the outcome. Nothing in § 2243 provides for the filing of a motion for summary judgment by Petitioner prior to the answer of the Respondent. *Marshall* does not hold otherwise.[1] While the Magistrate Judge may permit Petitioner to file a motion for summary judgment at a later stage of the case, the Magistrate Judge's ruling was not clearly erroneous or contrary to law.

### C. Issue Three

---

[1] In *Marshall*, the Magistrate Judge stated that "[a]s a general principle, a petitioner in habeas corpus may seek summary judgment by satisfying the requirements of Federal Rule of Civil Procedure 56." *Marshall v. Warden, Pickaway Corr. Inst.*, No. 2:14-cv-812, 2015 U.S. Dist. LEXIS 54737, at *4 (S.D. Ohio Apr. 27, 2015), *adopted by* 2015 U.S. Dist. LEXIS 67125 (S.D. Ohio May 22, 2015). (Doc. 39, PageId 400). In making that statement, the Magistrate Judge relied upon *Franklin v. Mansfield Corr. Inst.*, No. 3:04-cv-187, 2006 U.S. Dist. LEXIS 51521, at *1-2 (S.D. Ohio July 27, 2006), in which it is explained that summary judgment procedures may be used *when appropriate* in habeas corpus cases.

On March 19, 2015, the Magistrate Judge issued a Scheduling Order that obliged Petitioner to file a motion for delayed direct appeal in the Ohio Supreme Court not later than April 19, 2015 and to furnish a copy to this Court. (Doc. 30). On April 20, 2015, Petitioner filed an objection in which he sought to have the Scheduling Order withdrawn as erroneous and contrary to law for the same reasons he argued that the undersigned's Order at Document 29 should be withdrawn (see Issue One above). (Doc. 33, PageId 360). On April 21, 2015, the Magistrate Judge declined to withdraw the Scheduling Order, indicated that the Scheduling Order remained effective, and recognized that Petitioner had not yet complied with the Scheduling Order. (Doc. 34, PageId 367). On May 4, 2015, Petitioner filed a motion to set aside the Scheduling Order for what appear to be the same reasons as previously stated. (Doc. 37). The Magistrate Judge then indicated that the ruling on that issue in his motion was reserved to the undersigned. (Doc. 38, PageId 390). There has been no further briefing on this issue.

Upon review, the undersigned overrules Petitioner's objections (Doc. 33), denies the motion to set aside the Scheduling Order (Doc. 37), and concludes that the Magistrate Judge's rulings were not clearly erroneous or contrary to law. As explained with respect to Issue One, a motion to dismiss is permitted by the Rules Governing § 2254 Cases and the filing of a motion to dismiss was authorized by the Order to Show Cause. Accordingly, the filing of the motion to dismiss does not warrant the withdrawal of the Scheduling Order at Document 30.

**D. Issue Four**

Petitioner asserts that the Magistrate Judge committed legal error by denying him release on bond by Notation Order on April 28, 2015. (Doc. 39, PageId 398). Petitioner specifically points to the timing of the notation order and that the "notation order presents no findings of fact or conclusions of law to support the denial." (Id.). Petitioner states that the denial is prejudicial

to him because he has served a large portion of his sentence and only has a small amount of time remaining. (Id.).

The undersigned does not find that the denial of Petitioner's motion for release on bond was clearly erroneous or contrary to law. To be released pending a decision on the merits of a habeas claim, prisoners must be able to show a substantial claim of law based on the facts surrounding the petition as well as the existence of some circumstances making the request for release on bond pending a decision exceptional and deserving of special treatment in the interests of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) (citing *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). The Sixth Circuit has recognized that there "'will be few occasions where a prisoner will meet this standard.'" *Lee*, 989 F.2d at 871 (quoting *Dotson*, 900 F.2d at 79). When a habeas petitioner is "appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the habeas case." *Id.*

Here, the habeas petition relates to a state court conviction and sentence. As has been noted in various Orders in this case, Petitioner has not shown that he has exhausted his state court remedies in relation to the claims presented despite several directives and suggestions to do so. The undersigned thus cannot conclude that Petitioner has shown a substantial claim of law in his petition or that anything is so exceptional about this case that would warrant granting release on bail pending a decision. Accordingly, the Magistrate Judge's April 28, 2015 notation order denying Petitioner release on bond remains in effect and Petitioner's objection (Doc. 39) is overruled.

**E. Issue Five**

Petitioner contends that the Magistrate Judge erred by dissolving the stay of proceedings and ordering Respondent to file an answer at Document 38 and Document 42, and relatedly, by declining to strike any answer filed by Respondent. (Docs. 41). Petitioner's argument closely resembles those made with respect to Issues One and Three. Specifically, Petitioner argues that Respondent has waived any defenses because it filed a motion to dismiss rather than an answer in response to the April 11, 2014 Show Cause Order. (Doc. 41, PageId 411-12). Petitioner asserts that the Respondent should not have a second opportunity to file a return of writ. (Id.). Petitioner also has moved to strike any return of writ filed by Respondent (Doc. 41, PageId 413). Addressing certain portions of the objections and the motion to strike directly, the Magistrate Judge (1) refused to withdraw his Order requiring Respondent to file an answer on the basis that Respondent had a right to file a motion to dismiss and have that motion decided before a full answer was required (Doc. 42, PageId 417), and (2) denied the Motion to Strike for the same reasons on May 16, 2015. Petitioner reasserts his arguments in a subsequent objection to those Orders. (Doc. 46, PageId 644-45).

Upon review, the undersigned overrules Petitioner's objections (Doc. 41, 46) and concludes that the Magistrate Judge's rulings (Docs. 38, 42; 5/16/2015 Notation Order) were not clearly erroneous or contrary to law. As explained with respect to Issues One and Three, a motion to dismiss is permitted by the Rules Governing § 2254 Cases and the filing of a motion to dismiss was authorized by the Order to Show Cause. The Magistrate Judge thus did not err in concluding that Respondent had a right to file a motion to dismiss and have that motion decided before a full answer was required.

**F. Issue Six**

9

Petitioner argues that the Magistrate Judge should have recused himself instead of denying Petitioner's Motion to Recuse at Document 38. (Docs. 37, 39). He contends that the Magistrate Judge is advocating for the Respondent, as evidenced by his notation order denying his release on bond as well as his striking of the summary judgment motion. (Doc. 39, PageId 399-400).

Upon review, the undersigned overrules Petitioner's objections (Doc. 39) and concludes that the Magistrate Judge's denial of Petitioner's motion to recuse (Doc. 38) was not clearly erroneous or contrary to law. The Magistrate Judge correctly outlined and applied the standard for recusal, which is an objective standard under which the judicial officer must consider whether a reasonable person with knowledge of all of the relevant facts would conclude that the judge's impartiality might reasonably be questioned. (*See* Doc. 38, PageId 391). While Petitioner suggests that the Magistrate Judge's impartiality might reasonably be questioned as a result of his ruling striking the motion for summary judgment and his ruling denying release on bond, the undersigned disagrees. Not only do his rulings not reflect a personal or extrajudicial prejudice or bias that would lend itself to disqualification, but also the alleged basis of impartiality stems solely from a judicial ruling which "almost never constitute[s] a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554-55 (1994) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966)). Moreover, as explained above, the judicial rulings with respect to the motion for summary judgment and Petitioner's release on bond were not clearly erroneous or contrary to law. Nor are there any other circumstances in this case that are so unusual that would favor the Magistrate Judge's recusal. Accordingly, the undersigned concludes that the Magistrate Judge did not commit legal error by denying Petitioner's motion for recusal.

## IV. CONCLUSION

Consistent with the foregoing, it is **ORDERED** that:

1. The Order of the undersigned (Doc. 29) REMAINS IN EFFECT;

2. The Scheduling Order (Doc. 30) REMAINS IN EFFECT;

3. The Decisions and Orders of the Magistrate Judge (Docs. 32, 34, 38, 42; 4/28/2015 Notation Order; 5/16/2015 Notation Order) REMAIN IN EFFECT;

4. Petitioner's objections (Docs. 33, 39, 41, 46) are OVERRULED;

5. Petitioner's Motion to Withdraw Court Order, to Set Aside Magistrate's Orders, to Reinstate Motion for Summary Judgment, and to Recuse the Magistrate Judge (Doc. 37) is DENIED in its entirety; and

6. Petitioner's Motion to Strike (Doc. 41) is DENIED consistent with the Magistrate Judge's May 16, 2015 Notation Order.

**IT IS SO ORDERED**.

                                                           s/Michael R. Barrett
                                                           JUDGE MICHAEL R. BARRETT
                                                           UNITED STATES DISTRICT JUDGE