# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LaSHAWN R. PETTUS-BROWN,

         Petitioner,    :    Case No. 1:14-cv-292

  - vs -                        District Judge Michael R. Barrett
                                  Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception
  Center,

                                  :

         Respondent.

## DECISION AND ORDER DENYING MOTION FOR DEFAULT JUDGMENT

This habeas corpus case is before the Court on Pettus-Brown's Motion for Default Judgment (ECF No. 63) which Respondent opposes (ECF No. 64).

Pettus-Brown purports to direct his Motion to a District Judge or the Chief Judge (ECF No. 63, PageID 868). However, when a case has been referred to a Magistrate Judge, litigants cannot bypass that judicial officer at whim.

A motion for default judgment is within the decisional authority of a Magistrate Judge in a referred case because it is not among those motions excluded from that authority by 28 U.S.C. § 636(b)(1)(A).

Pettus-Brown argues again that the Respondent is in default because the State did not file an answer within the time set for answer by Magistrate Judge Litkovitz upon initial review, to wit, within sixty days of April 11, 2014, which is June 10, 2014. Rather, on June 2, 2014, the Respondent moved to dismiss the case, alleging Pettus-Brown had failed to exhaust available

1

state court remedies (ECF No. 8). Instead of either showing that exhaustion was complete or arguing that it was unnecessary, Pettus-Brown responded with his theory that he had somehow settled this case "via private administrative remedy," citing Fed. R. Civ. P. 8(b) and 12(b)(6)(ECF No. 9, PageID 141). He continues with his additional extra-legal theories of his asserted sovereign immunity, corporate immunity, and commercial discharge. *Id.* Nowhere in this Response does he object that the State has failed to file an answer and thereby waived any defenses, or that the State is not entitled to proceed in a habeas corpus case by way of a motion to dismiss prior to answer.

Four months later on October 14, 2014, Pettus-Brown moved for judgment on the pleadings, again relying on his extra-legal theories of sovereign immunity, commercial discharge, etc. (ECF No. 12). Petitioner expressly made the motion under Fed. R. Civ. P. 12(c), thereby acknowledging the propriety of applying the Federal Rules of Civil Procedure in habeas cases. He also makes no claim the State has waived any defenses by moving to dismiss. The only waiver-like arguments in this motion are that the State has somehow recognized his sovereignty or agreed to his commercial discharge because the Attorney General did not respond to his correspondence.

On January 6, 2015, the undersigned Magistrate Judge recommended that the case not be dismissed, but that Pettus-Brown have an opportunity to exhaust his state court remedies (ECF No. 18). In his Reply in support of his Motion for Judgment on the Pleadings, Pettus-Brown had objected for the first time to Respondent's moving to dismiss without filing an answer. In the Report, the Magistrate Judge wrote:

> Pettus-Brown objects to Respondent's use of a motion to dismiss without the simultaneous filing of an answer (Doc. No. 14). But Judge Litkovitz's Order for answer expressly anticipates that there may be a motion to dismiss and provides a separate schedule for

> Petitioner to respond (Doc. No. 2, PageID 6). Fed. R. Civ. P. 12(b) also anticipates that a motion to dismiss will be filed before an answer.

(Report and Recommendations, ECF No. 18, PageID 196.)  Judge Barrett then adopted that Report (ECF No. 29).  When the Court set a new date for return of writ, Respondent complied (ECF No. 44).  After considering Pettus-Brown's Reply (ECF No. 49), the Magistrate Judge filed a dispositive Report and Recommendations on the merits (ECF No. 53) which remains pending for review by Judge Barrett.

Thus the Warden has never been in default for want of an answer.  For reasons repeatedly given to Pettus-Brown, it is perfectly proper for a respondent in a habeas corpus case to bring a defense to the court's attention by motion to dismiss.  Pettus-Brown cites no case authority holding this is an improper procedure.

Pettus-Brown complains that the Magistrate Judge has "improperly cure[d] Respondent's waiver of procedural defenses and procedural default in this federal habeas," citing *Steele v. Randle*, 37 Fed. Appx. 162 (6th Cir. 2002), and *Scott v. Collins,* 286 F.3d 923 (6th Cir. 2002) (ECF No. 63, PageID 872).  These two cases have been overruled by the United States Supreme Court in *Day v. McDonough*, 547 U.S. 198 (2006), which upheld raising a *sua sponte* raising of defense even after the answer omitted it.

To be clear, however, this Court has raised no defenses on Respondent's part *sua sponte*. Respondent instead has raised all of his own defenses in a timely fashion.  He merely raised lack of exhaustion early by motion to dismiss.

3

**Conclusion**

The Motion for Default Judgment is DENIED.

September 10, 2015.

s/ *Michael R. Merz*<br>United States Magistrate Judge