UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

**LAWSHAWN R. PETTUS-BROWN,**  CASE NO.: 1:14-CV-292

    Petitioner,  Barrett, J.
                                   Merz, M.J.
   v.

**WARDEN, CORRECTIONAL RECEPTION CENTER,**

    Respondent.

**OPINION AND ORDER**

This matter is before the Court on the June 12, 2015 Report and Recommendation of the Magistrate Judge, which recommends dismissing the Petition with prejudice. (Doc. 53). Petitioner has filed objections to the Report and Recommendation. (Doc. 58).

**I.     BACKGROUND**

As explained by the Magistrate Judge (Doc. 53, PageId 824-25), Pettus-Brown was indicted on various counts of theft in connection with funds he received from the City of Cincinnati to renovate the Empire Theater in Over-the-Rhine. A jury found him guilty, and he was sentenced to four years confinement with terms of community control and post-release control to follow his incarceration. The convictions were affirmed on appeal, but no further appeal was taken to the Ohio Supreme Court.

Upon a finding of probable cause to believe Pettus-Brown had violated his conditions of his community control sentence, the Hamilton County Common Pleas Court issued a warrant for his arrest. He was charged with failure to comply with community control conditions on December 2013. Pettus-Brown pled no contest to those charges, was found guilty, and was

sentenced to three years incarceration for the violations, which term he currently is serving.  He appealed to the First District Court of Appeals raising one assignment of error:  "The trial court erred as a matter of law by improperly sentencing appellant for a violation of his community control sanction."  (Doc. 43, PageID 517).  The First District Court of Appeals affirmed and Pettus-Brown did not appeal to the Ohio Supreme Court.  He moved to reopen his appeal under Ohio R. App. P. 26(B), but the First District denied the application for failure to set forth a proposed omitted assignment of error.

On April 8, 2014, Pettus-Brown filed his habeas corpus petition in this Court, setting forth the following four grounds for relief:

> **Ground One**:  Mr. Pettus-Brown, under case # B0500613, was illegally and unlawfully sentenced under 2929.14 of the Ohio Revised Code (O.R[.]C[.]) (see Doc. 1, exhibit A), completed the entire illegal and unlawful sentence; however, IS still being unlawfully confined at the Hamilton County Justice Center, under the direct custody of the Hamilton County Sheriff, Defendant Jim Neil.
>
> **Ground Two**:  The State of Ohio does not have personal jurisdiction over LaShawn Pettus-Brown because the matter has been settled in accordance with 2901.23 and 2929.31 of the O.R.C. on Jan. 22, 2014.  (see Doc. 1, exhibit B)
>
> **Ground Three**:  Liability was assumed in accordance with 2901.23 of the O.R.C. Because Japan Entertainment Group (JEG) agreed to "tolerate" the conduct of Chairman/CEO LaShawn Pettus-Brown, JEG has a corporate right to indemnify any of its employees, officers, or agents.
>
> Detention is unconstitutional as it violates LaShawn Pettus-Brown's rights to "Equal Protection of the Law" which is protected under the 14th Amendment of the United States Constitution.
>
> Under 2901.23 of the O.R.C., JEG has accepted criminal liability for the case; therefore, LaShawn Pettus-Brown is granted personal immunity from prosecution.  Furthermore, JEG is an International company, which grants LaShawn Pettus-Brown jurisdictional immunity according to the 11th Amendment of the United States Constitution.  The UCC1 filing by JEG (see Doc. 1, exhibit B) establishes sovereign sanctioning thus granting LaShawn Pettus-Brown sovereign immunity.

> The Federal Government explicitly states in Title 22 U.S.C. Section 254(d) that cases against a party having immunity must be dismissed. It is a federal crime to prosecute a person with such rights in accordance with Title 18 U.S.C. Sections 112, 241 and 242. The State of Ohio does not have legislation to hear cases pertaining to violations of Title 18 U.S.C. or Title 22.
>
> **Ground Four**: Defendant Neil, Sheriff of Hamilton County, is unlawfully detaining Mr. Pettus-Brown in custody. The Defendants have indeed conspired to cause further hardship by illegally sentencing Mr. Pettus-Brown to an additional three years of confinement which is double jeopardy on an already illegal sentence. Now, the Defendants have positioned themselves to transfer custody of Mr. Pettus-Brown. Therefore, I respectfully request an immediate hearing before the Court on this Motion with the presence of Defendant Neil (or Defendant Neil's representative), or the representative for the Ohio Dept. of Correction, should custody be transferred prior to this Motion being heard, and myself.

(Doc. 1).

As stated by the Magistrate Judge, Pettus-Brown's Reply re-characterized his four grounds for relief as (1) Sovereign Immunity; (2) Jurisdictional Immunity; (3) Personal (Corporate) Immunity; and (4) Commercial Discharge. Although recognizing that a party cannot amend a habeas petition just by stating different claims in the Reply and Petitioner never effectively amended his Petition in accordance with Fed. R. Civ. P. 15, the Magistrate Judge addressed those claims in the Report and Recommendation for the sake of completeness.

Upon consideration of all of the claims, the Magistrate Judge recommended dismissing the Petition with prejudice.

## II. STANDARDS OF REVIEW

### A. Objections

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further

3

evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### B. 28 U.S.C. § 2254

Under 28 U.S.C. § 2254(a), a district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Generally that means that an application for writ of habeas shall not be granted with respect to any claim adjudicated on the merits in the State court unless the petitioner properly has exhausted his administrative remedies and the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(b), (d).

### III. ANALYSIS

In his objections, Pettus-Brown again characterizes his four grounds for relief as (1) Sovereign Immunity; (2) Jurisdictional Immunity; (3) Personal (Corporate) Immunity; and (4) Commercial Discharge. His objections therefore are directed primarily to those four grounds.

### A. First Objection

Pettus-Brown's first objection is directed to the Magistrate Judge's conclusion that no analysis was warranted of his argument that the State had no authority to file a Motion to Dismiss in lieu of an answer. Pettus-Brown contends that the Respondent waived all procedural defenses by not timely filing a return of writ. Because the Magistrate Judge correctly determined that this issue already has already been rejected through judicial consideration, the first objection is overruled.

### B. Second Objection

Pettus-Brown's second objection is directed to the Magistrate Judge's conclusion as to his claim of sovereign immunity. Pettus-Brown again claims himself to be sovereign, argues that he never knowingly or willfully surrendered or waived his sovereignty to the State of Ohio, and there is no evidence that Congress has abrogated his sovereign immunity. He contends that the Ohio Attorney General has recognized and agreed that Pettus-Brown is sovereign by not disputing the fact.

His objections do not alter the correct conclusion reached by the Magistrate Judge. Similar theories of individual sovereignty for a private person repeatedly have been rejected in federal courts. *See, e.g., United States v. Benabe*, 654 U.S. 753, 767 (7th Cir. 2011) (citing multiple cases where claims of individual sovereignty and immunity from prosecution have been rejected). Further, as the Magistrate Judge correctly stated, individual sovereign immunity is not conferred by virtue of unilateral letters or documents declaring one's sovereignty to which a response is demanded. Petttus-Brown has not demonstrated otherwise.[1] Accordingly, the second objection is overruled.

### C. Third Objection

---

[1] As the Magistrate Judge correctly concluded, Pettus-Brown's various letters and declarations to the Ohio Attorney General after he pled no contest to the community control violations are of no legal force or effect.

5

Pettus-Brown's third objection is directed to the Magistrate Judge's conclusion as to personal jurisdiction.  Pettus-Brown reiterates the same argument raised to the Magistrate Judge—the State of Ohio has no valid contract that binds him to the statutory jurisdiction of the State of Ohio.  He argues that Respondent admitted that it is "not aware of such authority" that subjects Pettus-Brown to the statutory jurisdiction of the State of Ohio, relying on Document 13 at page 4, and that the OAG and Respondent admitted that the state court lack subject-matter jurisdiction over the alleged offenses.

Pettus-Brown's objections are not well taken.  The Magistrate Judge correctly explained that the jurisdiction of the State of Ohio to punish persons for crimes committed within the state does not depend on contract.  Pettus-Brown, regardless of his proclaimed status, is amendable to process issuing from the state court.  In this instance, the State of Ohio obtained personal jurisdiction by virtue of the extradition warrant from California.  Pettus-Brown has provided no evidence of any sort to contradict the Magistrate Judge's conclusion that Pettus-Brown never challenged the constitutionality of his arrest in California and his extradition.  Further, Pettus-Brown misconstrues the Respondent's statement at Document 13 at page 4.  Respondent's actual statement is that it is not aware of any authority that supports Pettus-Brown's argument that the constitution must provide separately for prosecutions of crimes committed within its jurisdiction.

With respect to his argument that the Respondent and OAG admitted to the lack of subject-matter jurisdiction, Pettus-Brown cites to nothing in the record that would support such a statement.  The fact is that the Respondent plainly indicated its position in Document 13 (the same document on which Pettus-Brown previously relied) that:  "The trial court of the state of Ohio has jurisdiction to try him for crimes defined by its statutes."  That position is correct and belies any argument by Pettus-Brown to the contrary.

6

Finally, Pettus-Brown has not presented any information to contest the Magistrate Judge's conclusion that this claim is procedurally defaulted. Accordingly, the claim fails on the basis of procedural default as well.

The third objection therefore is overruled.

### D. Fourth Objection

Pettus-Brown's fourth objection concerns the Magistrate Judge's conclusion as to Pettus-Brown's claim of corporate assumption of liability. Pettus-Brown argues that federal courts have held that corporations can be criminally bound by the acts of its employees and that this Court has held in the civil case *Delay v. Rosenthal Collins Group, LLC*, Case No. 2:07-cv-568, 2012 U.S. Dist. LEXIS 166350 (S.D. Ohio Nov. 21, 2012), that an agent may state a claim for indemnity against its principle when the agent was acting within the scope of his employment. Pettus-Brown then cites to Ohio Rev. Code § 2901.23(A)(2) for the argument that he was acting within the scope of his employment such that the employer may assume his criminal liability.

Pettus-Brown's objections are not well taken. Without question, a corporation may be held criminally liable under certain circumstances set forth in Ohio Rev. Code § 2901.23. Pettus-Brown, however, has set forth no argument that undermines the Magistrate Judge's correct conclusion that there "is no provision made for an organization to *assume* the criminal liability of an individual." (Doc. 53, PageId 832) (emphasis added). Indeed, nothing in the statute requires criminal prosecution of an organization to the exclusion of the prosecution of an individual. Accordingly, Pettus-Brown has again pointed to no legal authority allowing such an assumption, much less any caselaw finding such a right under the Constitution.

The fourth objection therefore is overruled.

### E. Fifth Objection

7

Pettus-Brown's fifth objections concerns the Magistrate Judge's conclusion regarding the claim of "commercial discharge."  He asserts that the State of Ohio's courts are operating "under admiralty/maritime jurisdiction" which provides evidence of the commercial origin of the charges against him.  He further contends that the OAG "has admitted and agreed that case B0500613 has been in fact discharged."

Pettus-Brown's objections do not alter the correct conclusion of the Magistrate Judge.  The Magistrate Judge and the undersigned are unaware of any law that permits a convicted criminal to "commercially discharge" his conviction, and Pettus-Brown has cited to none.[2]  Additionally, a unilateral document sent to the Attorney General demanding a response cannot impose an obligation on the State.  Finally, Pettus-Brown again has cited no Supreme Court precedent finding it to be a violation of the United States Constitution not to recognize such a "commercial discharge."  Accordingly, the fifth objection is overruled.

### F. Sixth Objection

Pettus-Brown's sixth objection accuses the Magistrate Judge of "advocating and accommodating the State."  Petitioner's argument is meritless. As reflected by the record of this case, the Magistrate Judge appropriately and thoroughly considered all of Petitioner's claims in accordance with the applicable laws.  Accordingly, the sixth objection is overruled.

### IV. CONCLUSION

 Consistent with the foregoing, Pettus-Browns's objections (Doc. 58) are **OVERRULED** and the Report and Recommendation (Doc. 53) is **ADOPTED** in its entirety.  The Petition is hereby **DISMISSED** with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petition is denied a certificate of appealability.  Moreover, the Court certifies to the

---

[2] Pettus-Brown's reliance on admiralty/maritime jurisdiction is baseless.  Admiralty/maritime law is a distinct body of law concerning navigation and shipping, which has absolutely no relevance to his case.

Sixth Circuit that any appeal would be objectively frivolous and Pettus-Brown therefore should not be permitted to proceed *in forma pauperis*.

    **IT IS SO ORDERED**.

s/Michael R. Barrett  
JUDGE MICHAEL R. BARRETT  
UNITED STATES DISTRICT JUDGE