# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

LaSHAWN R. PETTUS-BROWN,

        Petitioner,       :      Case No. 1:14-cv-292

  - vs -                         District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

WARDEN, Correctional Reception
  Center,

                                        :

        Respondent.

## REPORT AND RECOMMENDATIONS ON MOTION FOR RELEASE ON PERSONAL RECOGNIZANCE

      This habeas corpus case is before the Court on Petitioner's Motion for Release on Personal Recognizance (ECF No. 74). Because this is a post-judgment motion, it is deemed referred to the Magistrate Judge for a recommended decision.

      Acting under purported authority of U.S. Supreme Court Rule 36(3)(a) and Fed. R. Civ. P. 5(d)(2)(B), Pettus-Brown filed his motion "directly with the Honorable Walter H. Rice, Senior Judge, Southern District of Ohio." Because the case is assigned to District Judge Barret, Judge Rice declined to entertain the Motion himself and ordered it filed in the above-captioned case.

      Supreme Court Rule 36(3)(a) does authorize enlargement on personal recognizance of a prisoner denied relief in a habeas proceeding by a judge of the court of appeals that denied release or by a Justice of the Supreme Court or by the district judge who denied relief. Thus the instant Motion may properly be heard by District Judge Barrett, but could not properly have been heard by District Judge Rice.

1

However, the denial of Pettus-Brown's habeas corpus petition is **not** pending review by the Supreme Court. Judge Barrett's Order dismissing the Petition (ECF No. 67) was entered November 3, 2015. Pettus-Brown appealed and the appeal was assigned Case No. 15-4330.

On December 28, 2015, the Sixth Circuit dismissed Pettus-Brown's prior appeal in its Case No.15-3768 for lack of a final appealable judgment at the time the appeal was taken. *Pettus-Brown v. Lisath*, Case No. 15-3768 (6th Cir. Dec. 28, 2015)(unreported, copy at ECF No. 70). Of course, in the meantime Judge Barrett had dismissed the case with a final order and Pettus-Brown had again appealed, but the Sixth Circuit has not yet decided the appeal in its Case No. 15-4330. That is, it has not yet decided to grant or deny habeas relief, so its decision is not "pending review in the Supreme Court."

Moreover, Pettus-Brown has not filed any copy of his *certiorari* petition with his Motion for Release, nor has he given the Court any Supreme Court case number. A query to the Supreme Court portion of the LEXIS database on September 8, 2016, revealed no pending cases under his name.

Because Pettus-Brown's appeal on the merits is still pending before the Sixth Circuit and no mandate has issued, it is doubtful that this Court has jurisdiction to admit him bail. The filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals. It divests the district court of authority to proceed further with respect to such matters, except in aid of the appeal, or to correct clerical mistakes under Fed. R. Civ. P. 60(a) or Rule 36 of the Federal Rules of Criminal Procedure, or in aid of execution of a judgment that has not been superseded, until the district court receives the mandate of the court of appeals. 9 Moore's Federal Practice ¶ 203.11 at 3-45 and 3-46. Filing a notice of appeal divests the District Court of jurisdiction over a case and vests

jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons*, 470 U.S. 373 (1985); *Pickens v. Howes*, 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981). The Sixth Circuit has itself denied bail in this case (ECF No. 71).

Even assuming this Court has jurisdiction, it should not grant the Motion. Although Pettus-Brown has a short time remaining on his sentence, his claim that he is not a flight risk must be viewed in light of the fact that he absconded from probation in the underlying criminal case and left the country. To the extent he claims there are "extraordinary circumstances" in terms of the merit of his claims, including his claim that he is "sovereign" and that the State of Ohio has waived all defenses in this case, the Court has already decided his claims are so without merit that reasonable jurists would not disagree and he was not entitled to a certificate of appealability (Opinion and Order, ECF No. 67).

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petitioner's Motion for Release on Personal Recognizance be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of

appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 9, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).